UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VINCENT CRUZ<br><br>Defendant. | CR. 20-50008-03-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant Vincent Cruz, appearing *pro se*, filed a motion for compassionate release. (Docket 163). Pursuant to the May 1, 2020, Standing Order 20-06, the Federal Public Defender for the Districts of South Dakota and North Dakota ("FPD") and the United States Attorney for the District of South Dakota filed records, submissions and briefing on Mr. Cruz's motion. (Dockets 169 and 170). For the reasons stated below, defendant's motion is denied.

**STANDING ORDER 20-6**

Standing Order 20-06,[1] captioned "Establishing a Procedure for Compassionate Release Motions Under the First Step Act," put in place "a procedure for submission and consideration of compassionate release motions under the First Step Act, 18 U.S.C. § 3582(d)(l)(A), in the wake of the spread of the COVID-19 virus into the federal prison system." (SO 20-06 at p. 1). Under

---

[1] See https://www.sdd.uscourts.gov/socraa ("SO 20-06").

the order, the FPD is automatically "appointed to represent all defendants in criminal cases: (a) who previously were determined to be entitled to appointment of counsel or who are now indigent; and (b) who may be eligible to seek compassionate release under the First Step Act." Id. ¶ 1.  The initial step for the FPD is to

> communicate a recommendation to inmates interested in compassionate release that they immediately submit requests for compassionate release to the warden of the facility in which they are detained, if they have not done so already.  These communications will include the recommendation that the prisoner describe their proposed release plan.

Id. ¶ 2.

By the standing order, the FPD and the United States Attorney for the District of South Dakota are "to place [the defendant] into one of four categories[.]" Id. at p. 2 ¶ 4.  Those categories are:

> a. High Priority Cases where there exists some combination of: (i) medical issues that correspond to the categories outlined in the commentary to U.S.S.G. § 1.B.1.13; (ii) recognized COVID-19 risk factors in the inmate's medical history; and/or (iii) imprisonment in a federal facility known to have a serious COVID-19 outbreak in its population. . . .
>
> b. Intermediate Priority Cases where identified medical issues and/or COVID-19 risk factors and/or institutional concerns are less extreme than High Priority Cases.
>
> c. Low Priority Cases where there are no identifiable medical issues or COVID-19 risk factors.
>
> d. Unknown Risk Cases where there is a lack of sufficient information to categorize the request for compassionate release.

Id.  The FPD and U.S. Attorney are to "immediately report the categorization . . . to the Clerk of Court and the Probation Office." Id.

2

## FACTUAL BACKGROUND

On November 8, 2020, Mr. Cruz pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). (Docket 128).  Mr. Cruz was sentenced to a term of imprisonment of 120 months and five years of supervised release.  (Docket 142).  According to Mr. Cruz's presentence report ("PSR"), "[b]ased upon a total offense level of 27 and a criminal history category of IV, the guideline imprisonment range is 100 months to 125 months.  However, the statutorily authorized minimum sentence of 10 years is greater than the minimum of the guideline range; therefore, the guideline range is 120 months to 125 months.  USSG § 5G1.1(c)(2)."  (Docket 133 ¶ 82).  The statutory minimum term of imprisonment is 10 years and the maximum term is life.  Id. ¶ 81.

Mr. Cruz is currently an inmate at the United States Penitentiary in Yankton, South Dakota ("FPC Yankton").[2]  According the United States, Mr. Cruz has a scheduled release date of June 28, 2028.  (Docket 170 at p. 1).  However, the Bureau of Prisons ("BOP") website lists Mr. Cruz release date as December1, 2027.  See https://www.bop.gov/mobile/find_inmate/index.jsp #inmate_results.  No explanation for this difference was provided to the court.

---

[2]When Mr. Cruz filed this motion, he was housed in Sandstone, Minnesota ("FCI Sandstone").  (Docket 163).

## MR. CRUZ'S CLASSIFICATION

On August 17, 2021, the FPD and the U.S. Attorney filed a notice of categorization of compassionate release motion. (Docket 167). They jointly "agree that this case should be categorized as a Low Priority case." Id.

## ANALYSIS

### A. Legal Standard

Because sentences are final judgments, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act ("FSA"), which amended 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release.

Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" and "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(1) (U.S. Sentencing Comm. 2018). The inmate bears the burden to establish that compassionate release is warranted. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016). The district court is not required to

investigate possible avenues for relief or to develop the record in support of a motion. United States v. Banderas, 39 F.4th 1059 (8th Cir. 2022).

Congress did not define what constitutes "extraordinary and compelling." 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. Id. Prior to Congress passing the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios which are the consideration of the defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served and (4) compelling family circumstances. Id. Additionally, there is a fifth catch-all category for an "extraordinary and compelling reason other than, or in combination with, the reasons described" as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1(D). These categories have not been updated since December 2018 when FSA became law.[3]

As a result, district courts are left to determine whether the policy statement of the Sentencing Commission that was in existence when the FSA was passed still applies. See Concepcion v. United States, 142 S. Ct. 2389, 2404 (2022) ("the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a

---

[3]Until recently the United States Sentencing Commission lacked a quorum, and the newly established commission has not amended the United States Sentencing Guidelines.

5

sentence pursuant to the First Step Act"). The purpose of the First Step Act is to expand the availability of compassionate release based on judicial findings of extraordinary and compelling reasons without being restricted to those categories identified by the Sentencing Commission or the rationale used by the BOP before the passage of the First Step Act. It is clear Congress wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Mr. Cruz's request for compassionate release was made to FCI Sandstone's Warden on June 11, 2021. (Docket 169 at p. 87). In that request, Mr. Cruz stated he is "humbly asking for any type of reprieve or sentence reduction due to being incarcerated during the COVID-19 pandemic. [His] whole family has suffered financially and [his] children have been without [him] for too long . . . [His] mother just started dialysis and [his] sister needs [his] help with her. Id.

### B. Defendant's Motion for Compassionate Release

Mr. Cruz makes four arguments in support of his request for compassionate release. (Docket 163 at pp. 1-2). First, Mr. Cruz argues his

"family is suffering and [he] was the bread winner and leader." Id. Second, he argues his children have never been without [him] and although [he] is the one that committed the crime, they are the ones that suffer." Id. Third, his mother just "started dialysis and his sister needs my help [caring for] her." Id. Fourth, he argues that being released will help him have a "clean and sober beginning." Id.

In support of his first and second arguments, Mr. Cruz requests release because his family needs his support financially and his children are without their father. Mr. Cruz supplied no evidence in support of his claim. While not dispositive, family circumstances are a consideration contemplated by U.S.S.G. § 1B1.13, Application Note 1(C), which addresses compassionate release when "[t]he death or incapacitation of the caregiver of the defendant's minor child" has occurred or the defendant's spouse has become incapacitated and "the defendant would be the only available caregiver."[4] Mr. Cruz's desire to support his family financially and to care for his children does not satisfy either of these conditions. See United States v. Envert Francisco-Ovalle, No. 18-CR-526, 2021 WL 123366, at *3 (S.D.N.Y. Jan. 13, 2021) ("Defendant's desire to provide financial support for his family, while . . . admirable, applies broadly to incarcerated persons and does not in itself provide extraordinary and compelling reasons justifying release."). Mr. Cruz does not claim his children's

---

[4]Although the Sentencing Commission's policy statement found at U.S.S.G. § 1B1.13 is "not dispositive," the court may consider it in determining if extraordinary and compelling circumstances exist. United States v. Croud, Crim. No. 18-116, 2022 WL 17584413, at *2 (D. Minn. Dec. 12, 2022).

7

primary caregivers are deceased or incapacitated. While Mr. Cruz's desire to be of assistance to his family is admirable, that desire does not constitute an extraordinary and compelling reason for a sentence reduction.

Mr. Cruz's third claim is he needs to be released to care for his mother. Mr. Cruz submitted no evidence in support of this claim. In Mr. Cruz's Presentence Report, he stated his mother's "health is ailing due to diabetes and kidney failure," she "will be starting dialysis," and Mr. Cruz "would like to donate a kidney to his mother if he is a compatible donor." (Docket 133 at p. 15). There is no support he is a compatible organ donor for his mother. While not dispositive, neither of the family circumstances contemplated by U.S.S.G. § 1B1.13 are present here. Mr. Cruz has not met his burden of proof by presenting "extraordinary or compelling reasons" warranting a sentence reduction.

Finally, Mr. Cruz argues he is entitled to compassionate release because he would have a "clean and sober" beginning. (Docket 163 at p. 1).

Because the FSA changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." United States v. Hodgin, No. 4:15-CR-40110-02, 2021 WL 928179, at *3 (D.S.D. Mar. 11, 2021) (quoting United States v. Condon, 458 F. Supp. 3d 1114, 1118 (D.N.D. 2020)). Although the court is allowed to determine if a situation fits under the catch-all exception, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling

reason" to justify compassionate release. United States v. Brown, 457 F. Supp. 3d 691, 701 (S.D. Iowa 2020) (quoting 28 U.S.C. § 994(t)). "For the word 'alone' to do any work—as it must—that means courts can consider rehabilitation as part of a compassionate release motion." Id.; See also United States v. Contreras, 504 F. Supp. 3d 1052, 1060 (D.S.D. 2020) (The Sentencing Commission recognizes that rehabilitation cannot be the sole factor for compassionate release.). The court already explained why Mr. Cruz is not entitled a reduction in sentence due to the other grounds cited, leading to the sole remaining ground for a sentence reduction to be his rehabilitation. Because rehabilitation alone cannot justify a reduction, Mr. Cruz's motion must be denied.

Mr. Cruz stated "being incarcerated during the COVID-19 pandemic" supports his motion to be released. (Docket 163 at p. 2). Mr. Cruz declined the COVID-19 vaccine. (Docket 169 at p. 62). Several courts refused to find extraordinary and compelling medical circumstances when a defendant declines the COVID-19 vaccine. See United States v. Kennedy, No. 18-20315, 2021 WL 2592975 at * 1 (E.D. Mich. Apr. 20, 2021); United States v. Toney, No. 17-20184, 2021 WL 1175410, at *1 (E.D. Mich. Mar. 29, 2021); United States v. Carter, No. 2:13-cr-20422-01, 2021 WL 1310784, at *3 (E.D. Mich. Apr. 8, 2021) (holding that a prisoner did not present extraordinary or compelling circumstances where the prisoner "declined to receive the COVID-19 vaccine"); United States v. Cohen, No. 09-20326, 2021 WL 1575300, at *2 (E.D. Mich. Apr. 22, 2021) (Edmunds, J.) ("The Court agrees with courts that

have found that access to the vaccine mitigates the health concerns that may otherwise constitute extraordinary and compelling reasons in light of the pandemic."); United States v. MacGregor, No. 15-cr-20093, 2021 WL 1378786, at *1 (E.D. Mich. Apr. 12, 2021) (holding that a prisoner "failed to show that there were extraordinary and compelling reasons justifying his release because a COVID-19 vaccine had been offered to him, and he declined to take the vaccine"); United States v. French, No. 3:10-cr-00117-01, 2021 WL 1316706, at *6 (M.D. Tenn. Apr. 8, 2021) ("the court agrees with the Government that Defendant's refusal of the COVID-19 vaccine substantially undermines his argument that his risk of reinfection constitutes an extraordinary and compelling reason that justifies his release").

### C. **3553(a) Factors**

The 3553(a) sentencing factors further show that compassionate release is not warranted. These factors include:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed—

   a. to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

   b. to afford adequate deterrence to criminal conduct;

   c. to protect the public from further crimes of the defendant; and

   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

18 U.S.C. § 3553(a).

Mr. Cruz pled guilty to conspiracy to distribute a controlled substance. (Docket 133 ¶ 2). He admitted to distributing 500 grams or more of methamphetamine in the Rapid City area. Id. Although a non-violent crime, "[i]n assessing danger, physical violence is not the only form of danger contemplated by the statute. Danger to the community can be in the form of continued narcotics activity or even encompass pecuniary or economic harm." United States v. Zaragoza, No. 08-0083, 2008 WL 686825, at *3 (N.D. Cal. Mar. 11, 2008).

Mr. Cruz has an extensive criminal history comprised of DUIs, theft by insufficient funds and possession of controlled substances. (Docket 133 ¶¶ 35-56). Mr. Cruz's guideline range was 120 months to 125 months. Id. ¶ 82. Mr. Cruz was sentenced to the bottom of the range and has only served a small portion of his sentence.

The court concludes Mr. Cruz's sentence of 120 months is appropriate for the seriousness of the crime to which he pled guilty.

**ORDER**

Based upon the above analysis it is

ORDERED that defendant's motion for compassionate release (Docket 163) is denied.

Dated February 24, 2023.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

11